

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

March 8, 2018

LIFE INSURANCE COMPANY
OF NORTH AMERICA
MICHAEL A. JAMES
TWO LIBERTY PLACE
1601 CHESTNUT STREET
PHILADELPHIA, PA 19192 2211


FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 18-CI-00042

COURT: Circuit Court Clerk
Rockcastle County, Division: 1
205 E Main
Mt Vernon, KY 40456
Phone: (606) 256-2581

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) **Your attorney, or**
(2) **The attorney filing this suit whose name should appear on the last page of the complaint, or**
(3) **The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

Div. I

| AOC-105  Doc. Code: CI | | Case No. | 18-CI-00042 |
|---|---|---|---|
| Rev. 1-07 Page 1 of 1 | | Court | ✔ Circuit ___ District |
| Commonwealth of Kentucky Court of Justice   www.courts.ky.gov CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | County | Rockcastle |

**PLAINTIFF**

ROBERT          HOWARD

VS.

**DEFENDANT**

LIFE INSURANCE COMPANY OF NORTH AMERICA

RECEIVED

MAR 07 2018

SECRETARY OF STATE

**Service of Process Agent for Defendant:**

MICHAEL A. JAMES

TWO LIBERTY PLACE

1601 CHESTNUT STREET

PHILADELPHIA                                                Pennsylvania          19192   2211

**THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: Feb 22, 2018                              _____ Clerk
                                          By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title

COMMONWEALTH OF KENTUCKY
ROCKCASTLE CIRCUIT COURT
DIVISION ___I___
CIVIL ACTION NO.: 18-CI-_____



ROBERT HOWARD                                                          PLAINTIFF

vs.               **COMPLAINT AND JURY DEMAND**

LIFE INSURANCE COMPANY OF NORTH AMERICA           DEFENDANT

To be served through the Kentucky Secretary of State
upon the following service of process agent:
Michael A. James
Two Liberty Place
1601 Chestnut Street
Philadelphia, PA 19192-2211

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

## INTRODUCTION

1. Plaintiff seeks legal and equitable damages arising from and relating to a long-term disability policy, which was issued and administered by Defendant.

2. The headings set forth herein are intended to assist Defendant in reviewing the statements and allegations therein. Plaintiff hereby reaffirms and reincorporates each paragraph of each section as though fully set forth under each heading.

3. The factual allegations found in this Complaint and Jury Demand are not exhaustive facts, but provided to give the Defendant notice of the basis of Plaintiff's allegations.

## PARTIES

4. Plaintiff Robert Howard resides in Brodhead, Rockcastle County, Kentucky.

5. Defendant Life Insurance Company of North America (d/b/a Cigna) is an insurance company formed under the laws of the state of Pennsylvania and is authorized to do business in the Commonwealth of Kentucky by holding a Kentucky Certificate of Authority.

1

A TRUE COPY
ATTEST: ELIZA YORK, CLERK
BY _____ D.C.

6. Defendant's service of process agent is Michael A. James who is located at Two Liberty Place, 1601 Chestnut Street, Philadelphia, Pennsylvania 19192-2211.

7. Defendant shall be served through the Kentucky Secretary of State.

## JURISDICTION & VENUE

8. This Court has jurisdiction as the amount in controversy exceeds the minimum jurisdictional amount for this Court.

9. Venue is proper as some or all of the facts that form the basis of the Complaint and Jury Demand occurred in Rockcastle County, Kentucky.

## FACTS

10. Plaintiff was last employed as a Lead Operator Technician.

11. Defendant supplied and issued a policy for disability insurance to the Plaintiff by virtue of a group insurance policy that insured the employees of Hermann Companies Inc.

12. Upon information and belief, the policy number for the long-term disability ("LTD") policy, which insured the Plaintiff, is believed to be VDT-0960767.

13. The aforementioned LTD policy contains provisions allowing Plaintiff to be defined as disabled and thus receive LTD benefits, if he meets the following definition as set forth in said policy of insurance:

> *The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
> *1) Unable to perform the material and substantial duties of his or her Regular Occupation; and*
> *2) Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*
>
> *After Disability Benefits have been payable for 36 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
> *1) Unable to perform the material and substantial duties of any occupation for which he or she is, or becomes qualified based on education, training, or experience; and*
> *2) Unable to earn 60% or more of his or her Indexed Earnings.*

14. Plaintiff became disabled and was unable to return to work on or about January 27, 2014.

15. Plaintiff applied for and was awarded Social Security disability benefits.

16. Plaintiff applied for short-term disability benefits with the Defendant, and the Defendant paid Plaintiff's short-term disability benefits.

17. Plaintiff applied for LTD benefits with the Defendant, and the Defendant paid LTD benefits to the Plaintiff up through July 30, 2017.

18. In a letter dated May 18, 2017, Defendant asserted that it was unable to continue paying Plaintiff's LTD benefits beyond July 30, 2017.

19. Plaintiff appealed Defendant's denial of further LTD benefits.

20. In a letter from the Defendant dated January 22, 2018, Defendant upheld its denial of further benefits to the Plaintiff.

21. In Defendant's letter dated January 22, 2018, Defendant informed the Plaintiff that he has the right to bring a legal action for benefits following an adverse benefit determination on appeal.

22. Plaintiff supplied Defendant with overwhelming medical records and reports documenting and supporting the fact that Plaintiff is disabled per the terms of his LTD policy, and thus satisfies the definition of disability contained in the aforementioned policy of insurance.

23. Plaintiff has met and continues to meet the requirements for benefits under his disability policy.

24. The administrative record fully supports the fact that the Plaintiff is disabled, pursuant to the terms of his LTD policy.

25. Plaintiff's complaint is timely and is not otherwise time barred.

## CLAIMS

### COUNT I – BREACH OF CONTRACT

26. The aforementioned LTD policy is a contract for insurance between the Plaintiff and the Defendant.

27. Contrary to the terms of Plaintiff's disability policy, the Defendant has decided to deny Plaintiff's LTD benefits beyond July 30, 2017, and this constitutes a breach of contract.

28. Defendant's failure to pay LTD benefits is a violation of the terms of the LTD policy.

29. Defendant has wrongfully, and in contrast to the overwhelming evidence contained within the administrative files, denied further payment of the Plaintiff's LTD benefits that it owes to the Plaintiff pursuant to the terms of the applicable policy of insurance.

30. As a result of Defendant's breach the Plaintiff has been damaged, and the Plaintiff seeks benefits due, in addition to, attorney's fees, costs, interest and other relief.

### COUNT II – VIOLATION OF UNFAIR CLAIMS SETTLEMENT PRACTICES ACT

31. The decision to terminate LTD benefits was made in bad faith and without just cause, and indicates a reckless disregard for the rights of the Plaintiff in violation of the Unfair Claims Settlement Practice Act (KRS 304.12-230).

32. Defendant continues to breach its statutory duties under KRS 304.12-230.

33. As a direct result of Defendant's actions, Plaintiff has been damaged.

34. The above actions by Defendant have directly and proximately caused emotional and mental pain and suffering, anxiety, inconvenience, and financial difficulty, all of which would not have occurred but for the wrongful conduct of the Defendant.

35. Plaintiff seeks compensatory, equitable, and punitive damages against Defendant, along with attorney's fees, costs, interest and other relief.

## COUNT III – BREACH OF DUTY TO ACT IN GOOD FAITH

36. Defendant owed a duty to act in good faith in the handling of Plaintiff's claim.

37. Defendant's actions support that Defendant failed to act in good faith.

38. Defendant lacks a reasonable basis to deny Plaintiff's benefits, is obligated to pay his benefits under the terms of the applicable policy, and Defendant knew or should have known it acted recklessly in stating there is a reasonable basis when, in fact, there is none.

39. Defendant continues to breach its duty to act in good faith.

40. As a direct result of Defendant's actions, Plaintiff has been damaged.

41. The above actions by the Defendant have directly and proximately caused emotional and mental pain and suffering, anxiety, inconvenience, and financial difficulty, all of which would not have occurred but for the wrongful conduct of the Defendant.

42. The aforesaid conduct of the Defendant is reckless and grossly negligent, entitling Plaintiff to punitive damages.

43. Plaintiff seeks compensatory, equitable, and punitive damages against Defendant, along with attorney's fees, costs, interest and other relief.

## COUNT IV – VIOLATIONS OF ERISA

44. The aforementioned LTD policy at issue does not meet the qualifications of an Employee Retirement Income Security Act (ERISA) plan.

45. In the alternative to allegation number 44, the Defendant's actions violate ERISA.

46. Pursuant to ERISA §502(a)(1)(B) and 29 U.S.C. §1132(a)(1)(B), Plaintiff seeks to recover his LTD policy benefits which were denied by Defendant, including pre-judgment and post-judgment interest.

47. As a result of the Defendant's conduct, Plaintiff has incurred attorney's fees and costs.

48. Pursuant to ERISA §502(g) and 29 U.S.C. §1132(g), Plaintiff seeks his attorney's fees and costs expended herein.

49. Defendant's decision to deny Plaintiff's LTD benefits is arbitrary and capricious and against the greater weight of the evidence that was tendered to the Defendant.

50. Defendant should be enjoined from denying benefit payments owed to Plaintiff under Plaintiff's LTD policy.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff Robert Howard demands the following relief:

A. Trial by jury;

B. Judgment against Defendant for full contractual benefits;

C. That the Court award pre-judgment and post-judgment interest;

D. That the Court award reasonable attorney's fees;

E. That the Court award court costs;

F. An award for punitive damages to punish and deter Defendant from similar conduct;

G. Compensation for inconvenience and emotional pain and suffering caused by the Defendant's actions during the claims and administrative review processes; and

H. Any and all legal or equitable relief the Plaintiff may be entitled to.

Respectfully Submitted:

_____
TIMOTHY E. GEERTZ
Law Offices of Timothy E. Geertz, PLLC
2333 Alexandria Drive
Lexington, Kentucky 40504
Telephone: 859-299-2929
Facsimile: 859-201-1141
Email: tim@geertzlaw.com
*Attorney for Plaintiff Robert Howard*